[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is a summary process action in three counts in which the plaintiff, owner of property known as Waterford Plaza, signed a "license" to space #5 in the Plaza to the defendant's predecessor, Tandy Corporation. That "license," which was dated February 24, 1997, was to terminate when the defendant moved into certain space to be built by the plaintiff at the premises known as Waterford Plaza or within 60 days of the plaintiff notifying the defendant that the space was available for occupancy, whichever first occurred. The space has not been built. The "license" required the occupant to pay certain adjustments for excess snowplowing costs. In late 2001, plaintiff billed the defendant for the excess snowplowing charges. When payment was not received within a few weeks, a notice of default and a cure was served upon the defendant in accordance with the provision of the "license." The defendant would not cure within the four days provided in the "license" Plaintiff served a notice to quit on December 28, 2001. Plaintiff brought this summary process action on January 16, 2002 claiming default under the agreement, lapse of time, and no right of occupancy. The defendant filed its answers for special defenses and five-count counterclaim on January 16, 2003. Plaintiff now moves to strike the counterclaim pursuant to Practice Book § 10-39(a) (1) and the third and fourth special defenses pursuant to Practice Book § 17-39(a) (5) [sic] on the grounds that the counterclaim and special defenses are legally insufficient.
Though the motion had not been filed, its filing was contemplated at the status conference in this case on January 23, 2003 and it was scheduled for hearing on Monday, March 3rd. The defendant filed a motion for extension of time to respond to the motion to strike on March 3, 2003. The motion was denied by the court.
The essence of the plaintiff's claims are that counts one, three, four and five seek money damages on a variety of legal theories including CT Page 2919 breach of contract (count one), negligent misrepresentation (count three), fraudulent misrepresentation (count four) and CUPA (count five) and also seeking specific performance of a contemporaneous agreement entered into between the parties dealing with the new space to be leased by the plaintiff to the defendant (count two).
The third and fourth special defense deal with defendant's claim that the summary process action is retaliatory in nature and claims of estoppel.
Discussion
A motion to strike is designed to test the legal sufficiency of pleadings. Doe v. Yale University, 252 Conn. 641, 666-67 (2000). In deciding such a motion, the court assumes the facts as alleged in the pleading and determines whether those facts are sufficient to state a legally cognizable cause of action or special defense.
As a summary process action is designed to decide the issue of possession of real property, claims for money damages are not properly raised. See Fellows v. Martin, 217 Conn. 57 (1991); Carnese v.Middleton, 27 Conn. App. 530, 535 (1992). Thus, only "equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding." Fellows v. Martin, Id. at pp. 62 and 63-4 n. 9 (1991).
Applying this clear test the motion to strike is granted as to the third special defense and as to the counterclaim in toto. The motion to strike is denied as to the fourth special defense which is based upon the defendant's claim that plaintiff should be estopped from asserting the non-payment because of plaintiff's conduct.
McLachlan, J. CT Page 2920